CUDAHY PACKING CO. v. McGUIRE et al.

(Circuit Court, N. D. Iowa, W. D. February 14, 1905.)

CLERKS OF UNITED STATES COURTS—FEES—MAKING AND CERTIFYING COPIES OF ORDER.

> The right and duty of a clerk of a Circuit Court to charge the fees fixed by Rev. St. § 828 [U. S. Comp. St. 1901, p. 635], for each copy of an injunctional order directed by the court to be certified and served on each defendant in a suit, is not affected by the fact that the copies, being large in number, were printed.

In Equity. On motion of complainant to retax costs.

M. L. Sears, for complainant.

REED, District Judge. The complainant in the above cause moves the court to retax and strike from the bill of costs the fees of the clerk for making and certifying to 520 copies of the restraining order, at $5.70 each, issued by the court upon application of complainant against the defendants, upon the ground that complainant procured such copies to be printed and delivered to the clerk, to be signed and certified by him, and delivered to the marshal for service. There is some dispute between the deputy clerk and counsel for complainant as to who procured the printing to be done, but there is no dispute that the clerk paid therefor. This, however, is not material, for the order of the court granting the restraining order provides: "That a copy of this order, certified

under the hand and seal of the clerk of this court, be served on each of the defendants to be restrained thereby." This order required of the clerk that he make and certify to a copy of the restraining order to be served upon each of the defendants, and for this he is required by law to charge the statutory fee for making and certifying to such copies, and account for the same to the United States as a part of the fees of his office. See sections 828 and 833, Rev. St. U. S. [U. S. Comp. St. 1901, pp. 635, 636]. It is not claimed that the amount taxed is in excess of the legal rate that the clerk is required by law to charge for such copies, but the contention of the complainant seems to be that because the copies were printed, only the actual cost of the printing can be taxed as costs. It is not material how the clerk makes the copies, whether he has them printed, typewritten, or written with a pen; in either case he is required to charge the statutory fee for making and certifying to the same, and the complainant cannot defeat the government or the clerk of the right to charge and receive the fees required by law to be charged for such services by himself preparing the copies and delivering them to the clerk, to be signed and certified by that officer. If parties may do this, they could deprive the government and the clerk of a large part of the emoluments of the clerk's office.

The motion to retax is overruled.